[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Decision of the Court
The court, after hearing the full trial of this matter and having heard the arguments of counsel and after careful deliberation, the three members of the panel have decided upon a verdict. While a three judge panel impaneled pursuant to § 54-82 of the Connecticut General Statutes may act by a majority vote, the verdict of this panel, as well as the factual findings supporting the verdict, represents the unanimous verdict and finding of the three members of the court. CT Page 2304
The information charges the defendant, David Ivan Messenger, formerly of 201 Singleton Road, Chaplin, CT., with the crime of Murder in violation of § 53a-54a of the Connecticut General Statutes. This statute requires proof beyond a reasonable doubt of two essential elements: first, that the defendant had the intent to cause the death of another person, in this case his wife, Heather Messenger; and second, acting with that intent, caused the death of Heather Messenger.
Subsection (b) of that statute provides that evidence that the defendant suffered from a mental disease or defect . . . is admissible, . . . on the question of whether the defendant acted with intent to cause the death of another person. Accordingly, on January 8, 1999 the defendant filed a notice of his intention to introduce expert testimony relating to the affirmative defense of mental disease or defect.
The court finds that the state has proven beyond a reasonable doubt that on January 3, 1998, in the early morning hours, in Chaplin, Ct., the defendant caused the death of his wife, Heather Messenger, by beating her to death with a four by four wooden post and a fireplace poker. The issue before the court relates to whether the defendant here possessed the necessary intent to cause her death. In order to sustain its burden of proof on this issue, the State must prove that the defendant, David Messenger, had the conscious objective to cause the death of Heather Messenger. The Court must find this fact to be proven beyond a reasonable doubt in order to support a conviction of the charge of Murder in violation of Section 53a-54a(a) of the Connecticut General Statutes.
Proof beyond a reasonable doubt is proof which precludes every reasonable hypothesis other than the one that is consistent with guilt. The evidence in this case was not sufficient to prove beyond a reasonable doubt that the defendant, David Messenger, had the specific intent to cause his wife's death.
The Murder statute, § 53a-45 (c) of the Connecticut General Statutes authorizes the court to consider lesser included offenses relating to homicide. Accordingly, the court has considered whether the defendant is guilty of the lesser included offense of Manslaughter in the First Degree in violation of Section 53a-55 (a)(3) of the Connecticut General Statutes. That statute provides that a person is guilty of manslaughter in the first degree when, under circumstances evidencing an extreme indifference to human life, he or she recklessly engages in conduct that creates a grave risk of death to another person and thereby causes that death. All elements of Section 53a-55 (a)(3) of the Connecticut General Statutes have been proven beyond a reasonable doubt. CT Page 2305 Accordingly, the court finds the defendant, David Ivan Messenger, committed the crime of manslaughter in the first degree in violation of Section 53a-55 (a)(3) of the Connecticut General Statutes.
This court further finds from the uncontroverted testimony of Dr. Kenneth Selig and Dr. Peter Zeman, both experts in forensic psychiatry and the testimony of Dr. Frank J Stoll, a forensic psychologist, that at the time of the killing, the defendant, David Ivan Messenger was suffering from a mental disease or defect known as a delusional disorder, persecutory type. The central theme of this type of disorder involves a person's belief that he or she is being conspired against, cheated, spied upon, followed, poisoned or drugged, maliciously maligned or harassed and which disorder may, as in this case, result in violence against those whom they believe are hurting or conspiring against them.[1] The testimony reveals that this disorder is relatively uncommon with onset generally middle or late in adult life. The testimony further indicated that the defendant also had some grandiose delusions with religious content believing that his son was "El Nino" or the son of God. The court finds that these delusional experiences have occurred on two prior occasions and that it is more likely than not that they could recur in the future.
The court finds that this psychiatric condition had been demonstrated to have existed over a period of several months before January 3, 1998 and grew in intensity and severity in November and December, 1997, culminating in the violent confrontation with his wife on January 2, 1998 and continuing into the early morning hours of January 3, 1998 when the defendant beat his wife to death.
We find that the defendant has proven by the preponderance of the evidence that at the time of the death of Heather Messenger, the defendant lacked substantial capacity, as a result of mental disease or defect either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law.
We therefore find that the defendant is not guilty of manslaughter by reason of mental disease or defect.
The court orders the defendant David Ivan Messenger to be committed to the custody of the Commissioner of Mental Health and Addiction Services who shall cause David Ivan Messenger to be confined while he awaits sentencing from this court.
Within forty-five days of his commitment the acquittee shall be examined and a report of the examination shall be filed with this court CT Page 2306 and a copy shall be sent to the State's Attorney and Attorney Michael J. Devlin. The report shall set forth the findings and conclusions as to whether the acquittee is a person who should be discharged.
Within twenty-five days of the filing of the Commissioner's report, or within fifteen days of the courts receipt of any separate examination report, which ever later occurs, the court shall reconvene to make such further findings and or orders as may be entered pursuant to § 17a-582
of the Connecticut General Statutes.
Francis J. Foley, III Presiding Judge
Robert C. Leuba, Sr. Judge
Russell F. Potter, Jr. Judge